1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12
13

| | |
|---|---|
| EVERETT GALINDO GONZALEZ, | CASE NO. 1:09-cv-01284-SKO PC |
| Plaintiff, | ORDER DISMISSING CLAIM AGAINST DEFENDANT GRANNIS AND TITLE 15 CLAIM WITH PREJUDICE, AND DISMISSING SECOND AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| DERRAL G. ADAMS, et al., | |
| Defendants. | (Doc. 14) |
| | THIRTY-DAY DEADLINE |
| _____/ | |

14
15

## Screening Order

16
**I.    Screening Requirement and Standard**

17          Plaintiff Everett Galindo Gonzalez, a state prisoner proceeding pro se and in forma pauperis,

18  filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 23, 2009.  Plaintiff's original

19  complaint was stricken from the record for failure to comply with Federal Rule of Civil Procedure

20  8(a) and on April 29, 2010, Plaintiff's first amended complaint was screened.  Plaintiff was ordered

21  to either amend or notify the Court of his willingness to proceed only on the claims found to be

22  cognizable by the Court.  Plaintiff elected to file a second amended complaint on June 29, 2010, and

23  this action was reassigned to the undersigned on March 23, 2011.

24          The Court is required to screen complaints brought by prisoners seeking relief against a

25  governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

26  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

28  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.    Summary of Plaintiff's Second Amended Complaint

### A.    Allegations

Plaintiff was validated as a prison gang member in 2000 at High Desert State Prison in Susanville.  Plaintiff was assessed an indeterminate Security Housing Unit (SHU) term and transferred to California State Prison-Corcoran in 2001 to serve that term.  In 2004, Plaintiff was re-validated, but the paperwork that was submitted to approve another indeterminate SHU term was rejected because one of the source items used to re-validate Plaintiff had been expunged from his central file.  Plaintiff was placed in administrative segregation (ad-seg) until he was re-validated in 2006 and assessed another indeterminate SHU term based on that re-validation.

Plaintiff challenges his re-validation on the ground that he was not provided with the opportunity to be heard.  Plaintiff also challenges a subsequent proceeding relating to "inactive

status" as conducted without some evidence to support gang activity. As explained in greater detail below, the precise nature of that claim is unclear.

**B.    Due Process Claims**

**1.    Legal Standard**

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Based on Plaintiff's general allegations regarding harsh SHU conditions, the Court will assume, at the screening stage, the existence of a liberty interest in being free from an indeterminate SHU term. See Wilkinson, 545 U.S. at 223-24 (finding a liberty interest in avoiding indefinite confinement in Ohio's "Supermax" facility). The inquiry then becomes what process is due. Id. at 224.

The assignment of validated gang members and associates to the SHU is an administrative measure rather than a disciplinary measure and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)). As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. Bruce, 351 F.3d at 1287 (citing Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), abrogated in part on other grounds

3

1   by <u>Sandin v. Connor</u>, 515 U.S. 472, 115 S.Ct. 2293 (1995)).   In addition to these minimal

2   protections, there must be "some evidence" supporting the decision.  <u>Id.</u> (citing <u>Superintendent v.</u>

3   <u>Hill</u>, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)).  Although discussed in the context of a disciplinary

4   hearing, the Ninth Circuit has stated that under the <u>Hill</u> standard, the evidence should have some

5   indicia of reliability.  <u>Cato v. Rushen</u>, 824 F.2d 703, 705 (9th Cir. 1987).

6               **2.      Discussion**

7           The Court is familiar generally with gang validation and re-validation proceedings, but even

8   this familiarity is not enough to make sufficient sense out of what occurred regarding Plaintiff's re-

9   validation to find his claims cognizable.  Liability under section 1983 requires a showing of personal

10  involvement, <u>Iqbal</u>, 129 S.Ct. at 1949, and it is only the critical decision makers in Plaintiff's re-

11  validation who may be held liable for denial of due process, <u>see e.g.</u>, <u>Perez v. Woodford</u>, No. CV-1-

12  06-610-MHM, 2010 WL 3943536, at *7 (E.D.Cal. Oct. 1, 2010) (discussing the critical decision

13  maker in the gang validation context); <u>Avina v. Medellin</u>, No. CIV S-02-2661-FCD KJM P, 2010

14  WL 3516343, at *5-6 (E.D.Cal. Sept. 3, 2010); <u>Madrid v. Gomez</u>, 889 F.Supp. 1146, 1276 (N.D.Cal.

15  1995).

16          Plaintiff's allegation that he was re-validated and assessed an indeterminate SHU term

17  without any opportunity to be heard on the re-validation will support a claim under section1983, but

18  Plaintiff must be clear as to who re-validated him.  In the Court's experience, while there are various

19  committee hearings and the validation package passes through various hands before it is approved

20  or rejected, it is the Institutional Gang Investigators and/or those in the Special Service Unit who are

21  the critical decision makers while the members of classification committees are not necessarily

22  critical decision makers.  Regardless, it is not the Court's responsibility to fill in the blanks or guess.

23  Plaintiff is required to allege sufficient facts to support a plausible claim for relief against each

24  named defendant, which requires more than the mere possibility of misconduct. <u>Iqbal</u>, 129 S.Ct. at

25  1949-50; <u>Moss</u>, 572 F.3d at 969.

26          Plaintiff alleges, without elaboration, that (1) on January 19, 2006, Defendants Norton,

27  Dotson, Giacomi, Ruff, Fisher, and Spear were involved in validating him without giving him an

28  opportunity to be heard, and (2) on March 13, 2006, Defendant Rocha assisted in reviewing his

4

1  paperwork and noting that it was all in order even though Plaintiff had not been provided with an

2  opportunity to be heard.  However, how each individual was personally involved in re-validating

3  Plaintiff is not clear, and their involvement in re-validating Plaintiff becomes even less clear given

4  Plaintiff's allegation that a subsequent inactive review lacked sufficient evidence of gang activity.

5      Plaintiff arguably has a liberty interest in remaining free from an indeterminate SHU term.

6  Because the assessment of an indeterminate SHU term results from the re-validation, it is the re-

7  validation which must comport with due process.  No separate liberty interest in an inactive review

8  was identified in the complaint and the Court cannot discern how or if it relates at all to the re-

9  validation decision.  Thus, unless Plaintiff's allegation of insufficient evidence somehow relates to

10  his earlier re-validation or he can show that he has a separate protected interest at stake, he may not

11  base a due process claim on the inactive review.  If the events *are* related, it is not clear how Plaintiff

12  could have been re-validated in January 2006 without an opportunity to be heard and then months

13  later be re-validated again without some evidence supporting the validation.

14      Plaintiff also complains about inadequate periodic reviews.  Again, the context of these

15  reviews is not entirely clear.  The reviews of Plaintiff's ad-seg status that occurred prior to his re-

16  validation do not support any claims.  Plaintiff does not have a liberty interest in remaining free from

17  ad-seg as a matter of law and he has not alleged any facts that support the existence of one.

18  Wilkinson, 545 U.S. at 221; May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).  Therefore, any

19  reviews that occurred between the expiration of Plaintiff's indeterminate SHU term and his re-

20  validation while he was in ad-seg pending re-validation proceedings are not grounds for any claims

21  for relief.  Wilkinson, 545 U.S. at 221.

22      Plaintiff will be given leave to amend to file a third amended complaint clarifying the bases

23  for his due process claims.  Plaintiff must identify the protected liberty interest(s) at stake (e.g.,

24  freedom from an indeterminate SHU term) and allege facts supporting the existence of the protected

25  liberty interest(s) (e.g., a description of SHU conditions).  Plaintiff must then identify which

26  procedural due process protections he was deprived of in relation to the re-validation process and

27  by whom.  If Plaintiff is attempting to pursue other, separate due process claims (e.g., relating to

28  ///

inactive review), he must follow the same steps: identify the protected liberty interest and the procedural due process violations.

### C.   Defendant Grannis

Defendant Grannis is the Chief of the Inmate Appeals Branch in Sacramento and Plaintiff seeks to impose liability on her based on her failure to ensure that his inmate appeal of the re-validation received a professional review and investigation.  Defendant Grannis was not personally involved in re-validating Plaintiff, Iqbal, 129 S.Ct. at 1949; Jones, 297 F.3d at 934, and the existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). This claim cannot be cured through amendment and it shall be dismissed from the action, with prejudice.

### D.   First Amendment Claim

In one conclusory sentence, Plaintiff alleges a First Amendment violation.  (Doc. 14, 2nd Amend. Comp., court record p. 7 ln. 16.)  However, Plaintiff's second amended complaint is devoid of any allegations supporting a claim that his First Amendment rights were impermissibly infringed upon by state officials.[1]

### E.   Violations of State Law

Finally, Plaintiff cites to Title 15 regulations throughout his complaint.  It is not clear that Plaintiff is attempting to state a separate claim based on the violation of Title 15 regulations, but to the extent that he is, the Court is unaware of any authority for the proposition that there exists a private right of action available to Plaintiff for violation of Title 15 regulations and the claim shall be dismissed, with prejudice. E.g., Parra v. Hernandez, No. 08cv0191-H (CAB), 2009 WL 3818376, at *8 (S.D.Cal. Nov. 13, 2009); Davis v. Kissinger, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, at *12 n.4 (E.D.Cal. Feb. 3, 2009), adopted in full, 2009 WL 647350 (Mar. 10, 2009).

---

[1] Given the lack of factual specificity, the Court cannot discern the basis for a First Amendment claim and as a result, it cannot offer any further guidance regarding the deficiencies.  Plaintiff was previously provided with specific information on legal standards in the screening order issued on April 29, 2010, and he may review that order should he need further guidance regarding First Amendment claims.

1    **III.**    **Conclusion and Order**

2      For the reasons set forth herein, the Court finds that Plaintiff's second amended complaint

3 fails to state a claim under section 1983. The Court will provide Plaintiff with one final opportunity

4 to amend to cure the deficiencies identified by the Court in this order, to the extent they are curable.

5 Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th

6 Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his

7 amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

8 complaints).

9      Plaintiff's third amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state

10 what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal,

11 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to

12 raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

13      Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114

14 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

15 "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

16 Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

17 amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

18 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

19      Based on the foregoing, it is HEREBY ORDERED that:

20      1.      Plaintiff's claim against Defendant Grannis is dismissed, with prejudice, for failure

21           to state a claim under section 1983;

22      2.      Plaintiff's claim based on the violation of Title 15 regulations is dismissed, with

23           prejudice, for failure to state a claim;

24      3.      Plaintiff's remaining claims are dismissed with leave to amend;

25      4.      The Clerk's Office shall send Plaintiff a complaint form;

26      5.      Plaintiff's second amended complaint, filed June 29, 2010, is dismissed for failure

27           to state a claim under section 1983;

28 ///

6.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a third amended complaint that does not exceed twenty-five pages in length, not including exhibits; and

7.      If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

**Dated:   May 31, 2011**                              **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE