# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT GALINDO GONZALEZ, | CASE NO. 1:09-cv-01284-AWI-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING (1) DEFENDANTS' MOTIONS TO DISMISS BE GRANTED IN PART AND DENIED IN PART, AND (2) THIS ACTION BE DISMISSED, WITH PREJUDICE, AS BARRED BY THE STATUTE OF LIMITATIONS |
| v. | |
| DERRAL G. ADAMS, et al., | |
| Defendants. | |
| | (Docs. 29, 43, and 44) |
| | THIRTY-DAY OBJECTION PERIOD |

**Findings and Recommendations on Defendants' Motions to Dismiss**

**I.   Procedural History**

Plaintiff Everett Galindo Gonzalez, a state prisoner proceeding pro se and in forma pauperis, filed in this civil rights action pursuant to 42 U.S.C. § 1983 on July 23, 2009. Pursuant to the third screening order filed on March 12, 2012, this action for damages is proceeding on Plaintiff's third amended complaint against Defendants Fisher, Giacomi, Norton, Watson, Dotson, Ruff, Roman, Speer, Gardemal, Lunes, Rodriguez, and Espinosa (1) for revalidating Plaintiff in 2004 and then again in 2006, and (2) rejecting him for inactive gang status and revalidating him in 2006/2007, all without notice, a meaningful opportunity to be heard, and the existence of some evidence with an indicia of reliability, in violation of the Due Process Clause.[1] (Doc. 21, 3rd Amend. Comp.; Doc. 22,

---

[1] The Court thoroughly screened Plaintiff's pleadings in this case three times and the third screening order controls. 28 U.S.C. § 1915A. In that order, the Court found that Plaintiff's due process claims arising out of his revalidation and denial of inactive gang status, which ultimately led to the imposition of an indeterminate Security

3rd Screening Order, 10:25-11:4.) This action is also proceeding on Plaintiff's claim that Defendants Lunes and Giacomi retaliated against him for filing inmate appeals by failing to submit Plaintiff's inactive gang status packet to OCS (Office of Correctional Safety) and by transferring Plaintiff to a different yard, in violation of the First Amendment. (3rd Amend. Comp.; 3rd Screening Order, 11:18-22.)

Pending before the Court are Defendants' three motions to dismiss.[2] On July 9, 2012, Defendants Espinosa, Fisher, Giacomi, Ruff, Rodriguez, Roman, Speer, and Watson filed a motion to dismiss. (Doc. 29.) Plaintiff filed an opposition on October 12, 2012,[3] and Defendants filed a reply on October 19, 2012. (Docs. 40, 42.)

On October 25, 2012, Defendants Gardemal, Lunes, and Norton filed a motion to dismiss, and on November 7, 2012, Defendant Dotson filed a motion to dismiss. (Docs. 43, 44.) After obtaining two extensions of time, Plaintiff filed his oppositions to the motions on February 11, 2013, and Defendants filed their reply on February 19, 2013. (Doc. 53-55.)

Defendants move for dismissal of the claims against them on the grounds that Plaintiff failed to exhaust the available administrative remedies, 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b), and that Plaintiff fails to state claims upon which relief may be granted and his claims are barred by the statute of limitations, Fed. R. Civ. P. 12(b)(6). The motions have been submitted upon the record without oral argument pursuant to Local Rule 230(l); and for the reasons set forth below, the Court

///

---

Housing Unit (SHU) term in 2007, gave rise to cognizable claims for relief, in addition to the retaliation claims. Plaintiff's conclusory allegations that he was denied meaningful periodic reviews in 2008 through 2010, events which are not linked to Defendants, do not support a viable claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This action is limited to those claims identified by the Court as cognizable in its screening order.

[2] In the future, the Court encourages later-served Defendants to only raise new or different arguments in a separate motion to dismiss and join in those arguments which have already been raised, rather than cause the Court to have to wade through duplicative arguments.

[3] Plaintiff was provided with contemporaneous notice of the requirements for opposing an unenumerated Rule 12(b) motion. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 30.)

2

recommends that Defendants' motions to dismiss be granted in part and denied in part, and this action be dismissed, with prejudice, on the ground that it is barred by the statute of limitations.

## II. Legal Standards

### A. Failure to Exhaust

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Stratton, 697 F.3d at 1008; Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### B. Failure to State a Claim

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), *cert. denied*, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v.

National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007), *cert. denied*, 553 U.S. 1031 (2008); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Under the doctrine of incorporation by reference, a court may consider a document provided by the defendant which was not attached to the pleading if the plaintiff refers to the document extensively or if it forms the basis of the plaintiff's claim. Ritchie, 342 F.3d at 908; also Daniels-Hall, 629 F.3d at 998.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, prisoners proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Further, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh, 465 F.3d at 997), *cert. denied*, 131 S.Ct. 3055 (2011). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that

would establish the timeliness of the claim.'" Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)).

### III.  Discussion

#### A.  Retaliation Claims

Plaintiff's retaliation claims against Defendants Lunes and Giacomi arise out of the events in 2006. Plaintiff alleges that on May 8, 2006, Defendant Lunes warned him that because of his inmate appeals, he was not going to "get away" like other inmates and Defendant Lunes thereafter failed to submit Plaintiff's packet to OCS for inactive gang status approval. (3rd Amend. Comp., ¶39.) Plaintiff also alleges that on August 4, 2006, Defendants Lunes and Giacomi told him to "stop sweating them" about his status and retention in the SHU or there would be consequences. (Id., ¶41.) Plaintiff was subsequently abruptly moved to another yard.

##### 1.  Exhaustion of Administrative Remedies

###### a.  Parties' Positions

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. During the relevant time period, the process was initiated by submitting a CDC Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c).[4] Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants argue that Plaintiff failed to exhaust his retaliation claims against Lunes and Giacomi. Defendants contend that Plaintiff failed to file an inmate appeal grieving his retaliation

---

[4] The regulations were amended in 2011.

5

claims, and that Plaintiff filed only one "staff complaint" appeal which was accepted for review at the third and final level, but it did not concern a retaliation claim against Defendant Giacomi. (Doc. 29, Motion 1, Campbell Dec., ¶9 & Lozano Dec., ¶9; Doc. 43-2, Motion 2, court record pp. 13:1-8.)

In opposition, Plaintiff argues that appeal log number CSP-6-06-05027 exhausted his retaliation claims against Defendants Lunes and Giacomi. (Doc. 40, Opp. 1, Ex. 2, court record pp. 68-76; Doc. 54, Opp. 2, court record p. 15.)

In reply, Defendants contend that appeal log number CSP-6-06-05027 did not set forth any allegations of retaliation against Defendant Lunes or Defendant Giacomi, and further, because it was submitted more than fifteen days after the March 2006 incident of retaliation, it failed to comply with the applicable regulation.[5] Tit. 15, § 3084.6(c). (Doc. 42, Reply, 6:24-2; Doc. 55, Reply, 4:26-5:6.)

### b.    Findings - Appeal Log Number CSP-6-06-05027

An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010). "[T]he prisoner need only provide the level of detail required by the prison's regulations," and during the relevant time period, "[t]he California regulations require[d] only that an inmate describe the problem and the action requested." Sapp, 623 F.3d at 824 (citations and internal quotation marks omitted). While the standard provides a low floor, it advances the primary purpose of a grievance, which is to notify the prison of a problem. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quotation marks and citations omitted); accord Akhtar v. Mesa, 698 F.3d 1202, 1211 (9th Cir. 2012). Thus, Plaintiff's appeal sufficed if it alerted the prison to the nature of the wrong for which redress is now sought. Sapp, 623 F.3d at 824 (quotation marks omitted); accord Akhtar, 698 F.3d at 1211.

Plaintiff was not required in his appeal "to identify responsible parties or otherwise signal who may ultimately be sued." Sapp, 623 F.3d at 824. The relevant prison regulation required Plaintiff only to describe the problem, which, with respect to his retaliation claims, was that Plaintiff's inactive gang review status packet was never submitted to OCS and he was transferred

---

[5] The month was identified as May in Plaintiff's complaint. (3rd Amend. Comp., ¶¶38-40.)

6

1 to another yard, in retaliation against him for filing appeals. Sapp, 623 F.3d at 824 (citing Griffin,
2 557 F.3d at 1120) (quotation marks omitted); Akhtar, 698 F.3d at 1211; cf. McCollum v. California
3 Dep't of Corr. & Rehab., 647 F.3d 870, 876 (9th Cir. 2011) (while inmates' grievances provided
4 notice the failure to provide for certain general Wiccan religious needs and free exercise, they were
5 not sufficient to place prison on notice that the chaplaincy-hiring program itself was the problem);
6 Morton, 599 F.3d at 946 (appeal grieving prison's decision to deny visitation with minors did not
7 place prison on notice of the plaintiff's claim that staff conduct contributed to a prior assault on him
8 by inmates).

9       Plaintiff initiated appeal log number CSP-6-06-05027 on November 10, 2006. In the appeal,
10 Plaintiff states that he was interviewed by Defendant Lunes and non-party Torres, and he refers to
11 the building move on August 4, 2006. (Doc. 40, pp. 68, 70.) However, the only mention of a
12 retaliatory motive is Plaintiff's statement that Defendant Lunes moved "him due 602 log number
13 COR-06-1736," and the appeal contains no other information even hinting at adverse action taken
14 against Plaintiff because he filed inmate appeals. (Id., p. 71.)

15       As an initial matter, the Court rejects Defendants' argument that the appeal cannot be
16 considered "properly exhausted" because it was not submitted within fifteen working days of the
17 incidents at issue. While the regulations provide that appeals must be submitted within fifteen
18 working days, they also provide that prison officials *may* reject appeals as untimely. Tit. 15, §§
19 3084.3(c)(6), 3084.6(c). Defendants have submitted no authority for the proposition that prison
20 officials lack the discretion to accept untimely appeals or that an untimely appeal cannot satisfy the
21 exhaustion requirement, regardless of its acceptance and processing through the levels of appeal.
22 The Court previously considered and rejected that very argument in Wride v. County of Fresno, No.
23 1:05-cv-00486-AWI-SKO, 2012 U.S. Dist. LEXIS 85743, at *4-11 (E.D. Cal. Jun. 20, 2012),
24 *adopted in full*, 2012 U.S. Dist. 102139 (E.D. Cal. Jul. 20, 2012), which involved jail procedures.
25 While Plaintiff's November 2006 appeal was submitted more than fifteen working days after the
26 March and August 2006 incidents, the appeal was nonetheless accepted for review and exhausted
27 ///
28

through the Director's Level of review. Thus, the issue is confined to whether the appeal sufficed to exhaust Plaintiff's retaliation claims. Akhtar, 698 F.3d at 1211; Sapp, 623 F.3d at 824.

The Court finds that Plaintiff's appeal provided minimal notice to prison officials that Plaintiff's August 2006 building move was purportedly motivated by an inmate appeal he filed. The minimal notice provided regarding the allegedly retaliatory building move is sufficient and Plaintiff's retaliation claim arising out of the building move was exhausted on May 18, 2007, when the appeal was denied at the Director's Level. Akhtar, 698 F.3d at 1211. Plaintiff's retaliation claim arising out of the failure to submit his inactive gang status review packet to OCS, on the other hand, was not exhausted. Plaintiff's inmate appeal provided no notice to prison officials that the failure to submit the inactive gang status review packet was motivated out of retaliation against him for filing appeals.

Based on the foregoing, the Court recommends that Defendants Lunes and Giacomi's motion to dismiss for failure to exhaust be granted in part and denied in part. However, for the reasons which follow, the Court finds that Plaintiff's retaliation claims are barred by the statute of limitations and should be dismissed, with prejudice.

### 2. Statute of Limitations

#### a. Parties' Positions

Defendants argue that Plaintiff's retaliation claims are time barred because they accrued in 2006 and the statute of limitations period ended in 2008. (Doc. 43-2, Motion, 4:14-23.)

Plaintiff is serving a sentence of life without the possibility of parole.[6] (Doc. 43-3, Motion, Attach. A.) Although Plaintiff does not dispute his sentence, he nonetheless argues that he is entitled to tolling under Cal. Civ. Proc. Code § 352.1, along with equitable tolling during the period of administrative exhaustion. (Doc. 54, Opp 2., court record pp. 2-6.) With respect to his retaliation claims, Plaintiff contends that the statute of limitations was tolled until he received the decision on

---

[6] The Court takes judicial notice of Plaintiff's abstract of judgment. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

8

his inmate appeal, which was on or around May 26, 2007, and he had until May 2010 to file suit.[7] (Id., p. 5.)

### b. Legal Standard

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1.

The parties also acknowledge California's equitable tolling doctrine, which "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been satisfied. McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted). Exhaustion is mandatory under section 1997e(a), but whether mandatory or not, pursuit

---

[7] If the statutory tolling provision applied, Plaintiff had four years, or until May 2011, within which to file suit.

9

of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff. Id. at 101-03.

### c. Findings

Plaintiff is serving a life sentence without the possibility of parole and he is not entitled to benefit from the two-year tolling statute, which applies only to those either imprisoned on a criminal charge (e.g., a pretrial detainee) or serving a sentence of less than life. Cal. Civ. Proc. Code § 352.1. Thus, Plaintiff had two years within which to file suit, plus equitable tolling for the time period during which he exhausted, if applicable. McDonald, 45 Cal.4th at 101-03; Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318, 146 Cal.Rptr. 224, 578 P.2d 941 (1978).

Equitable tolling, which its fact-specific focus, is only rarely an inquiry appropriate at the pleading stage. Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1140 (9th Cir. 2001), en banc, (citing Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 2001)). Here, the Court has before it Plaintiff's administrative appeals, but no evidence regarding prejudice to Defendants, if any. Daviton, 241 F.3d at 1140. Defendants acknowledge the existence of the doctrine under California law, but they argue in their reply that even assuming it applies, Plaintiff's claims are time barred. (Doc. 55, Reply 2, 2:7-19.) Thus, for the purpose of resolving Defendants' motion, the Court will assume that Plaintiff is entitled to equitable tolling during the time he was exhausting his inmate appeals.

Inmate appeal log number CSP-6-06-05027, which is the relevant appeal for Plaintiff's retaliation claims, was exhausted at the Director's Level of review on May 18, 2007, and Plaintiff represents that he received it on or around May 27, 2007.[8] Therefore, at a maximum, Plaintiff had two years from May 27, 2007, within which to file suit. Assuming Plaintiff is entitled to application of the prison mailbox rule, Plaintiff filed suit approximately two years and two months later on July

---

[8] Plaintiff's inmate appeals are properly before the Court by virtue of Defendants' unenumerated Rule 12(b) motion, and in addition, Plaintiff's third amended complaint refers to the appeals at issue.

10

1 | 19, 2009. Douglas, 567 F.3d at 1107. As a result, Plaintiff's retaliation claims are time barred and
2 | Defendants are entitled to dismissal of the claims, with prejudice.

### B. Due Process Claims

In addition to his retaliation claims, Plaintiff alleges that Defendants Fisher, Giacomi, Norton, Watson, Dotson, Ruff, Roman, Speer, Gardemal, Lunes, Rodriguez, and Espinosa violated his procedural due process rights when they (1) revalidated him in 2004 and then again in 2006, and (2) found him ineligible for inactive status and revalidated him in 2006/2007, all without notice, a meaningful opportunity to be heard, and the existence of some evidence with an indicia of reliability. Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003).

### 1. Exhaustion of Administrative Remedies

#### a. Parties' Positions

Defendants acknowledge that Plaintiff filed inmate appeals concerning the due process violations relating to the revalidation and inactive gang status review, but they contend that he did not file any appeals concerning the due process violations which occurred in 2004 and 2005. (Doc. 29-1, Motion 2, court record pp. 19:5-20:2; Doc. 43-2, Motion 3, court record pp. 11:26-20.)

In his opposition, Plaintiff responds that there was nothing to appeal in 2004 and 2005, because the revalidation issue was deferred and he could not appeal until the decision was reached. (Doc. 40, Opp. 1, court record p. 15; Doc. 54, Opp. 2, court record p. 14.) Plaintiff further contends that he filed appeals between January and April 2006, which disappeared, and he then filed appeal log number COR-06-1736, which included all of his due process claims.

#### b. Findings

##### 1) Appeal Log Number COR-06-1736

Plaintiff filed appeal log number COR-06-1736 on April 17, 2006, and it was exhausted at the Director's Level of review on October 13, 2006. (Doc. 29-2, Motion, Ex. A.)[9] In the appeal, Plaintiff complained that his previous appeals did not receive any response, but he also complained

---

[9] Misidentified as Exhibit B in T. Campbell's declaration. In addition, appeal log number COR-06-4075, which involved medical care issues, was attached as Exhibit B to J. D. Lozano's declaration, rather than COR-06-1736, as represented.

11

about his revalidation and the lack of due process. (Id.) As relief, Plaintiff sought inactive status, release from the SHU, and expungement of the gang validation from his central file. (Id.)

Plaintiff's due process claims arise from his revalidation as a gang member, which occurred in 2006. While some of the events leading up to the revalidation decision occurred in 2004 and 2005, the Court agrees with Plaintiff's position that it was the ultimate act of revalidation which is at issue and which had to be exhausted. Plaintiff's appeal was unquestionably sufficient to exhaust his gang revalidation claim, as it placed prison officials on notice that Plaintiff was challenging his revalidation and claiming it was wrongful. Akhtar, 698 F.3d at 1211. Plaintiff was not required to parse out each event or incident which led up to the final revalidation decision and appeal those separately. Id.

### 2) Appeal Log Number CSP-6-06-05027

Also submitted as evidence is appeal log number CSP-6-06-05027, previously addressed in subsection A(1).

Plaintiff's inactive gang status review was initiated on or around May 8, 2006, and on November 8, 2006, Defendant Espinosa submitted her findings and conclusion that Plaintiff's gang status should be restored. Plaintiff filed appeal log number COR-6-06-05027 on November 10, 2006, and it was exhausted at the final level of review on May 18, 2007. (Doc. 40, Opp., Ex. 2, court record pp. 68-76.) The appeal grieves, in detail, Plaintiff's challenges to his inactive gang status review, and it was sufficient to exhaust Plaintiff's claim that he was wrongfully denied inactive status and revalidated. Akhtar, 698 F.3d at 1211.

Based on these two appeals, Court finds that Plaintiff's due process claims were exhausted in their entirety, in compliance with section 1997e(a).

### 2. Statute of Limitations

With respect to Plaintiff's due process claims arising out of his revalidation and inactive gang status review, the Court will assume that the statute of limitations was equitably tolled while he exhausted his administrative remedies, as previously discussed. Plaintiff's two relevant appeals were exhausted on October 13, 2006, and on May 18, 2007. As previously stated, because Plaintiff is

serving a sentence of life without the possibility of parole, he is not entitled to benefit from California's two-year tolling statute for incarceration and the two-year statute of limitations began to run once Plaintiff exhausted the administrative remedies. Thus, at most, Plaintiff had two years from October 13, 2006, and May 18, 2007, respectively, within which to file suit.[10] Applying the prison mailbox rule, Plaintiff did not file suit until July 19, 2009, and his due process claims are barred by the statute of limitations.

## IV.     Conclusion and Recommendation

Based on the foregoing, the Court finds that Plaintiff failed to exhaust his retaliation claim arising out of the failure to submit his inactive gang status review packet to OCS, but he exhausted his retaliation claim arising out of the yard transfer and he exhausted his due process claims. However, the Court finds that Plaintiff's retaliation claims and due process claims are barred by the statute of limitations because Plaintiff filed suit more than two years after completion of the administrative remedy process, during which time the statute was presumably equitably tolled.

In light of these findings, the Court does not reach Defendants' motions to dismiss for failure to state a claim, although it reiterates that this case underwent three thorough screenings and in such circumstances, it does not generally view Rule 12(b)(6) motions with favor, in the absence of error or an intervening change in the law. E.g., Watison, 668 F.3d at 1112 (screening standard for failure to state a claim the same as the Fed. R. Civ. P. 12(b)(6) standard); Howard v. DeAzevedo, No. 1:11-cv-00101-AWI-SKO PC, 2012 WL 5989369, at *1 (E.D. Cal. Nov. 29, 2012), *adopted in full*, 2013 WL 85172 (E.D. Cal. Jan. 7, 2013).

Accordingly, for the reasons set forth herein, the Court RECOMMENDS that Defendants' motions to dismiss, filed on July 9, 2012, October 25, 2012, and November 7, 2012, be GRANTED IN PART and DENIED IN PART as follows:

///

---

[10] Because it would not change the outcome, the Court declines to determine the precise date the statute of limitations expired, which would require taking into consideration how much time ran between the accrual of Plaintiff's claims and the dates he initiated his appeals, thereby equitably tolling the statute during the exhaustion process.

1. Defendants' motions to dismiss for failure to exhaust be GRANTED as to Plaintiff's retaliation claim arising out of the failure to submit his inactive gang status review packet to OCS and DENIED as to Plaintiff's retaliation claim arising out of the yard transfer and Plaintiff's due process claims;

2. Defendants' motions to dismiss Plaintiff's retaliation and due process claims with prejudice as barred by the statute of limitations be GRANTED, concluding this action in its entirety; and

3. Defendants' motions to dismiss for failure to state a claim be DENIED as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 19, 2013**                     /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE